## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WALKER DIGITAL, LLC** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. _____** |
| **GOOGLE INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

### COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Walker Digital, LLC, ("Walker Digital") files this complaint for patent infringement against defendant Google Inc.

### THE PARTIES

2.      Walker Digital is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, CT 06905.  Walker Digital is a world-renowned research and development laboratory responsible for launching several successful businesses, including Priceline.com and Synapse, Inc.

3.      On information and belief, defendant Google Inc. ("Google") is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheater Parkway, Mountain View, California, 94043.

### JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      On information and belief, Google is subject to this Court's jurisdiction because Google has transacted business in this district, including, more specifically, directly and/or

through intermediaries, making, using, importing, offering for sale and/or selling products and services in the State of Delaware (including via the provision of such goods and services over the Internet). Google, upon information and belief, is doing substantial business in this District, and has committed acts of patent infringement in this District. In addition, Google is a corporation organized and existing under the laws of the State of Delaware.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENTS

7.      On June 19, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,249,772  (the "'772 patent), entitled "Systems And Methods Wherein A Buyer Purchases A Product At A First Price And Acquires The Product From A Merchant That Offers The Product For Sale At A Second Price" to Jay S. Walker, James A. Jorasch, and Andrew S. Van Luchene, who assigned their rights and interests in the '772 patent to Walker Digital. A true and correct copy of the '772 patent is attached as Exhibit A.

8.      On June 22, 2004, the USPTO duly and legally issued U.S. Patent No. 6,754,636 (the "'636 patent), entitled "Purchasing Systems And Methods Wherein A Buyer Takes Possession At A Retailer Of A Product Purchased Using A Communication Network," to Jay S. Walker, Andrew S. Van Luchene, Magdalena Mik, and Daniel E. Tedesco, who assigned their rights and interests in the '636 patent to Walker Digital. A true and correct copy of the '636 patent is attached as Exhibit B.

9.      On May 2, 2006, the USPTO duly and legally issued U.S. Patent No. 7,039,603 (the "'603 patent), entitled "Settlement Systems And Methods Wherein A Buyer Takes Possession At A Retailer Of A Product Purchased Using A Communication Network," to Jay S. Walker, Jonothan Otto, Andrew S. Van Luchene, Magdalena Mik, Daniel E. Tedesco, and Ian

Levitan, who assigned their rights and interests in the '603 patent to Walker Digital. A true and correct copy of the '603 patent is attached as Exhibit C.

10.     On March 30, 2010, the USPTO duly and legally issued U.S. Patent No. 7,689,468 (the "'468 patent"), entitled "Purchasing, Redemption And Settlement Systems And Methods Wherein A Buyer Takes Possession At A Retailer Of A Product Purchased Using A Communication Network," to Jay S. Walker, Andrew S. Van Luchne, Magdalena M. Fincham, and Daniel E. Tedesco, who assigned their rights and interests in the '468 patent to Walker Digital. A true and correct copy of the '468 patent is attached as Exhibit D.

11.     Walker Digital is the owner of the '772, '636, '603 and '468 patents (collectively, the "Asserted Patents").

## FACTUAL BACKGROUND

12.     Walker Digital is a research and development laboratory that has invested many millions of dollars in its intellectual property. Walker Digital is comprised of a diverse group of inventors who solve business problems by analyzing human behavior and designing innovative solutions incorporating modern information technologies. The novel inventions developed by the Walker Digital team are reflected in a portfolio of more than 200 U.S. and international patents in a wide range of industries that includes retail, vending, credit cards, security, gaming, educational testing, and entertainment.

13.     Jay S. Walker, the chairman of Walker Digital, is a named inventor of more than 450 issued and pending U.S. and international patents, including each of the Asserted Patents. Mr. Walker is best known as the founder of Priceline.com, which revolutionized the travel industry through unprecedented technology, with the end result of bringing huge savings in airfare, hotel and car rental rates, and other travel related goods and services to every-day

consumers.  The systems at the heart of Priceline.com's success were developed in the research and development laboratory of Walker Digital.

14.  Development of the inventions conceived by Mr. Walker and the Walker Digital team of inventors would not have been possible without substantial financial investments made by Walker Digital.  Funds invested by Walker Digital have been used for many things, including the construction of laboratory facilities utilized to develop and test new inventions.  Many of the inventions developed at the Walker Digital laboratories have led to successful businesses, including Priceline.com and Synapse, Inc.  Revolutionary technologies, including the systems and methods for purchasing a product online at a first price and acquiring the product from a merchant that offers the product for sale at a second price, as described and claimed in the Asserted Patents, were a direct result of investments made by Walker Digital.

15.  The Asserted Patents represent breakthroughs in the field of electronic commerce.

## COUNT I

## (Infringement of the '772)

16.  Walker Digital incorporates and realleges the allegations of paragraphs 1-15 as are fully set forth above.

17.  Upon information and belief, Google is infringing (literally and/or under the doctrine of equivalents) the '772 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services on its Google Offers website located at https://www.google.com/offers, which practices one or more of the claims of the '772 patent.  For instance, upon information and belief, Google offers buyers products and services from retailers at discounted prices and arranges for users to take possession of the goods or services at the retailers' locations.  An sample of a Google offering is provided below:



*A Google Offer is a daily deal that enables subscribers to pre-purchase products and services from local businesses at attractive discounts.*

18.     Google committed its acts of infringement without license or authorization.

19.     As a result of Google's infringement of the '772 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Google's infringing activities are enjoined by this Court.

20.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Google, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '772 patent.

## COUNT II

### (Infringement of the '636 Patent)

- 5 -

21.     Walker Digital incorporates and realleges the allegations of paragraphs 1-21 as are fully set forth above.

22.     Upon information and belief, Google is infringing (literally and/or under the doctrine of equivalents) the '636 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services on its Google Offers website located at https://www.google.com/offers, which practices one or more of the claims of the '636 patent.

23.     Google committed its acts of infringement without license or authorization.

24.     As a result of Google's infringement of the '636 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Google's infringing activities are enjoined by this Court.

25.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Google, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '636 patent.

<u>**COUNT III**</u>

<u>**(Infringement of the '603 Patent)**</u>

26.     Walker Digital incorporates and realleges the allegations of paragraphs 1-25 as are fully set forth above.

27.     Upon information and belief, Google is infringing (literally and/or under the doctrine of equivalents) the '603 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services on Google Offers website located at https://www.google.com/offers, which practices one or more of the claims of the '603 patent.

28.     Google committed its acts of infringement without license or authorization.

29.     As a result of Google's infringement of the '603 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Google's infringing activities are enjoined by this Court.

30.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Google, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '603 patent.

## COUNT IV

### (Infringement of the '468 Patent)

31.     Walker Digital incorporates and realleges the allegations of paragraphs 1-30 as are fully set forth above.

32.     Upon information and belief, Google is infringing (literally and/or under the doctrine of equivalents) the '468 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling products and services on its Google Offers website located at https://www.google.com/offers, which practices one or more of the claims of the '468 patent.

33.     Google committed its acts of infringement without license or authorization.

34.     As a result of Google's infringement of the '468 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Google's infringing activities are enjoined by this Court.

35.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Google, its agents, servants,

employees, representatives, and all others acting in active concert therewith from infringing the '468 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Google:

(a)     A judgment in favor of Walker Digital that Google has directly infringed (either literally or under the doctrine of equivalents) one or more claims of each of the Asserted Patents;

(b)     A permanent injunction enjoining Google and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing each of the Asserted Patents;

(c)     A judgment and order requiring Google to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Google's infringement of each of the Asserted Patents;

(d)     A judgment and order requiring Google to provide an accounting and to pay supplemental damages to Walker Digital, including, without limitation, pre-judgment interest;

(e)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees; and

(f)     Any and all such other relief as the Court deems just and proper.

April 21, 2011                                    BAYARD, P.A.

Of Counsel:                                       /s/ Richard D. Kirk
                                                  Richard D. Kirk (rk0922)
    Marc A. Fenster                               Stephen B. Brauerman (sb4952)
    California Bar No. 181067                      222 Delaware Avenue, Suite 900
    RUSS, AUGUST & KABAT                           P.O. Box 25130
    12424 Wilshire Boulevard 12th Floor           Wilmington, DE  19899
    Los Angeles, California 90025                  rkirk@bayardlaw.com
    Telephone: 310/826-7474                        sbrauerman@bayardlaw.com
    Facsimile: 310/826-6991                        (302) 655-5000
    mfenster@raklaw.com
                                                  Attorneys for Plaintiff Walker Digital, LLC